IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE INSURANCE COMPANY <br> OF NORTH AMERICA <br><br> Petitioner <br><br> v. <br><br> CONNIE CRENSHAW, <br> KENDAL M. HONIE, and <br> AARON E. HONIE <br><br> Claimants | C.A. No.: 07-CV-00778 GMS |

ANSWER BY CONNIE CRENSHAW
TO COMPLAINT FOR INTERPLEADER
AND CROSS CLAIM

### PARTIES

1. Admitted.

2. Denied.

3. Admitted.

4. Admitted.

### JURISDICTION

5. Admitted.

6. Admitted.

7. Admitted.

### FACTS

8. Admitted.

9. Admitted.

10. Admitted.

11. Denied.

12. Defendant is without sufficient knowledge to admit or deny the allegation.

13.   Admitted.

14.   Defendant is without sufficient knowledge to admit or deny the allegation. Claimant Crenshaw believes she is the only part eligible for the life insurance benefits at issue.

15.   Admitted.

## COUNT I

16.   Admitted.

WHEREFORE, Claimant Crenshaw demands judgment against Petitioner and co-Respondents for the life insurance proceeds at issue, plus costs, and that any amounts paid to co-respondents be held in trust for the benefit of Connie Crenshaw, or other relief as the court deems just.

## CROSSCLAIM

## COUNT I

17.   Respondent Crenshaw repeats and incorporates by reference paragraphs 1 through 16 above.

18.   On information and belief, the Power of Attorney at issue was alleged to have been executed on September 5, 2007.

19.   At the time of the alleged execution of the document, the principle, Gerald Honie, was in the care of, or was coming under the care of Heartland Hospice House in Wilmington, Delaware.

20.   On information and belief, Gerald Honie was not competent to execute the Power of Attorney at issue.

21.   In the alternative, in the event Gerald Honie was competent to execute a Power of Attorney, there was no intent or authority in the Power of Attorney to permit the purported recipients of the power of attorney to make any gratuitous

transfers or change the beneficiary of any life insurance policy to themselves/his-herself.

22. Gerald Honie departed this life on September 10, 2007 @ 12:50 p.m.

23. September 10, 2007 co-respondents attempted to change the listed beneficiary for the insurance policy issued by petitioner to Gerald Honie, from Connie Crenshaw to themselves, by crossing out Connie Crenshaw as the primary beneficiary and substituting themselves/his-herself.

24. At the time of Gerald Honies death, he and Connie Crenshaw had resided together for 23 years, owned a home together.

25. Co-Respondents Kendal Honie and/or Aaron Honie, individually or together, in have wrongfully attempted to deprive Connie Crenshaw of her rightful possession and use of the life insurance proceeds at issue by:

   A. Obtaining a power of attorney though fraudulent means;

   B. Attempted to change the named beneficiary to themselves without authority;

   C. Attempted to change the named beneficiary to themselves without authority by the use of an invalid Power of Attorney;

   D. Obtained the Power of Attorney from an incapacitated person;

   E. Breached their fiduciary duty by making gratuitous transfers to themselves.

WHEREFORE, Claimant Crenshaw demands judgment against Petitioner and co-Respondents for the life insurance proceeds at issue the plus costs, and any amounts paid to co-respondents be held in trust for the benefit of Connie Crenshaw, or other relief as the court deems just.

## COUNT II

26. Respondent repeats and incorporates by reference paragraphs 1 through 25.

27. At the time of Gerald Honie's death, another life insurance policy was in force with Minnesota Life, which had been transferred from a policy with New York Life Insurance Company which also listed Connie Crenshaw as beneficiary.

26. During the transfer from New York life Insurance Company to Minnesota Life, the naming of Connie Crensaw as beneficiary did not transfer, leaving no named beneficiary with Minnesota Life.

27.  On information and belief, respondents attempted to name themselves/his-herself as beneficiary under the Minnesota Life policy, indicating they knew Connie Crenshaw was the intended beneficiary of that policy.

28. At all relevant times, co-respondents knew that they were not the intended beneficiaries of the Minnesota Life policy and that Connie Crenshaw was the intended beneficiary.

29. On information an belief, the proceeds of the Minnesota Life insurance policy were paid to co-respondents.

30. Respondent Connie Crenshaw, as the intended recipient of the Minnesota Life policy, seeks that any proceeds paid to co-respondents from that policy be held in trust or paid to Connie Crenshaw as the intended beneficiary.

WHEREFORE, Claimant Crenshaw demands judgment against Petitioner and co-Respondents for the life insurance proceeds at issue plus costs, and that any amounts paid to co-respondents be held in trust for the benefit of Connie Crenshaw, or other relief as the court deems just.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIFE INSURANCE COMPANY<br>OF NORTH AMERICA )<br>)<br>)<br>Petitioner )<br>)<br>)<br>v. )<br>)<br>CONNIE CRENSHAW, )<br>KENDAL M. HONIE, and )<br>AARON E. HONIE )<br>)<br>Claimants ) | C.A. No.: 07-CV-00778 UNA |

## *NOTICE OF SERVICE*

I certify that I have caused copies of the foregoing **ANSWER BY CONNIE CRENSHAW TO COMPLAINT FOR INTERPLEADER AND CROSS CLAIM** to be served by efile or US MAIL on December 28, 2007 upon:

Sean J. Bellew, Esquire
Cozen O'Conner
1201 N. Market Street, Suite 1400
Wilmington, DE 19801
302-295-2000
Attorney for Petitioner Life Insurance
Company of North America

Kendal Honie
2 Charring Lane
New Castle, DE 19720

Aaron Honie
1936 Lakindal Drive
Machesney Park, IL 61115

REGER, RIZZO, KAVULICH & DARNALL, LLP

By : /s/ Arthur D. Kuhl, Esquire
Arthur D. Kuhl, Esquire, # 3405
1001 Jefferson Street
Suite 202
Wilmington DE 19801
302-652-3611
Attorney for Connie Crenshaw